IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | Criminal No. CCB-16-0606 |
| v. | | |
| | * | Civil No. CCB-21-878 |
| TIMOTHY ALLEN McNEAL | * | |

*************

**MEMORANDUM**

Timothy Allen McNeal, representing himself, has filed a second motion to vacate his conviction and sentence under 28 U.S.C. § 2255 (ECF 189, Mot. to Vacate). He argues that his conviction for possessing a firearm while a convicted felon is defective in light of *Rehaif v. United States,* 139 S. Ct. 2191 (2019). (*Id.*) For the reasons explained below, Mr. McNeal's motion is without merit and will be denied.

On December 6, 2017, a superseding indictment was filed charging Mr. McNeal with one count of Conspiracy to Commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a), one count of Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a), (d), (e), (g), one count of Brandishing a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c), and one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF 53, Superseding Indictment). A jury trial began on February 20, 2018, (ECF 98, Jury Trial Day 1) and lasted for four days (ECF 99-101, Jury Trial Days 2-4). During the trial, the government admitted into evidence a stipulation by Mr. McNeal that he had "prior to August 4, 2016, been convicted of a crime punishable by imprisonment for a term exceeding one year." (ECF 150 at 4, Official Tr. of Trial Day 2). The jury convicted Mr. McNeal on all counts (ECF 105, Verdict), and on May 30, 2018, he was sentenced to 228 months' imprisonment. (ECF 133, Judgment).

On June 19, 2019, Mr. McNeal filed his first motion to vacate pursuant to 28 U.S.C. § 2255 alleging (1) that improper cell site evidence was admitted at trial and (2) that he received ineffective assistance of counsel. (ECF 167, First Mot. to Vacate). On September 20, 2019, his motion was denied. (ECF 174, Order Denying Mot. to Vacate). Thereafter, Mr. McNeal sought a certificate of appealability (ECF 175, Mot. for Certificate of Appealability), and on December 14, 2020, his application and appeal were denied (ECF 184, USCA Judgment). On April 6, 2021, Mr. McNeal filed this second motion to vacate (ECF 189), arguing that his conviction under 18 U.S.C. § 922(g)(1) is defective in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the court did not instruct the jury that they must find Mr. McNeal "knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. at 2200. On July 23, 2022, the government responded arguing that Mr. McNeal's motion should be dismissed as impermissibly second or successive. (ECF 197 at 3-4).

Under 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In this instance, Mr. McNeal did not obtain any such authorization from the Fourth Circuit as required. Therefore, this court lacks jurisdiction to consider his second motion for relief under § 2255. *See United States v. Edwards*, No. SAG-10-cr-0769, 2023 WL 155246 at *2 (D. Md. Jan. 11, 2023) ("Because Edwards has not received an order from the Fourth Circuit authorizing a second or successive petition, this Court is without jurisdiction to consider his instant petition.") (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997) (other citations omitted)). Accordingly, Mr. McNeal's second or successive

motion to vacate his conviction and sentence under 28 U.S.C. § 2255 will be denied.[1] A separate Order follows.

 

| 9/11/2023 | /s/ |
|---|---|
| Date | Catherine C. Blake<br>United States District Judge |

---

[1] While Mr. McNeal has pointed out the district court's error in failing to instruct the jury that the government was required to prove the defendant knew he was felon at the time of firearm possession, his claim still fails on the merits. In this instance, the record demonstrates that Mr. McNeal was undoubtedly aware of his prohibited status, as the presentence report revealed several prior state court convictions for which he was sentenced to over one year in prison (ECF 114, Presentence Report), and during the trial the government admitted into evidence a stipulation by Mr. McNeal that he had "prior to August 4, 2016, been convicted of a crime punishable by imprisonment for a term exceeding one year." (ECF 150 at 4). Given the evidence, the government could have easily proven that Mr. McNeal knew he was a felon at the time he possessed a firearm. Moreover, the Supreme Court in *Greer v. United States*, explained that "many courts have recognized and as common sense suggests, individuals who are convicted felons ordinarily know that they are convicted felons . . . The reason is simple: . . . Felony status is simply not the kind of thing that one forgets. That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon." 141 S. Ct. 2090, 2095-97 (2021) (internal quotation and citation omitted) (emphasis in original). Therefore, even if Mr. McNeal could satisfy the jurisdictional requirements, he could not show that the *Rehaif* error amounted to a substantial or injurious effect on his conviction.