**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA,           *

                                                    *           Criminal No. CCB-16-0606

      v.

                                                    *

TIMOTHY ALLEN McNEAL

                                                    *

*************

**MEMORANDUM**

Timothy Allen McNeal, representing himself, has filed what he appears to regard as a motion for summary judgment. (ECF 205, Mot. for Summ. J.). The motion has been sealed as its contents discuss sensitive information about a cooperating witness. Mr. McNeal primarily argues that the prosecution was in violation of Federal Rules of Criminal Procedure 26(a) and 26(e) for failing to disclose the identity of the cooperating witness. (*Id.*) For the reasons explained below, Mr. McNeal's motion will be denied.

On December 6, 2017, a superseding indictment was filed, charging Mr. McNeal with one count of Conspiracy to Commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a), one count of Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a), (d), (e), (g), one count of Brandishing a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c), and one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF 53, Superseding Indictment). On October 4, 2017, Mr. McNeal filed a motion to reveal the identity of the cooperative individual who contacted the Howard County Police Department and provided information about the robbery. (ECF 49, Mot. to Reveal Identity). The information provided was used only to establish probable cause for a search warrant. (ECF 62 at 19, Response to Mot. To Reveal Identity). On February 13, 2018, during a pre-trial motions hearing, the court denied the

motion to reveal the cooperative individual's identity noting that "with nothing to contradict the Government's proffer that this individual was not a participant in the crime and is not going to be called as a witness at the trial, there is no basis to disclose the identity of the informant. Clearly, it falls within the category of a tipster that provides probable cause for a search warrant. That is not sufficient to require that the identity be turned over." (ECF 155 at 28, Mot. Hr'g Tr.).

After a four-day trial conducted from February 20, 2018, to February 26, 2018, a jury convicted Mr. McNeal on all counts. (ECF 105, Verdict). On May 30, 2018, he was sentenced to 228 months' imprisonment. (ECF 133, Judgment). On October 13, 2022, Mr. McNeal filed this motion (ECF 205), and the government did not respond. In his motion, Mr. McNeal argues that the government's failure to disclose the identity of the cooperative witness, and the government's use of the information provided by the witness, is in violation of Federal Rules of Criminal Procedure 26(a) and 26(e). (ECF 205 at 1, 5). He also argues that the government's failure to respond must be treated as a failure to disclose such that this court is required to provide him an opportunity to be heard, and that his claims of actual innocence necessitate his conviction being vacated. (*Id.*).

To the extent that the present motion is attempting to receive a ruling based on the government's failure to respond, this is not a basis for a summary judgment motion. A "failure to respond, in and of itself, 'does not fulfill the burdens imposed on moving parties by Rule 56.'" *Est. of Green v. Pinkerton*, No. GJH-16-2896, 2017 WL 3600725 at *3 (D. Md. Aug. 18, 2017). Moreover, to the extent that Mr. McNeal's motion is asking the court to revisit the motion to reveal the identity of the cooperative individual (ECF 49), this motion was denied in an order by the court (ECF 85, Order) and during the pre-trial motions hearing (ECF 155 at 28). There is no basis for the court to revisit that ruling. Mr. McNeal's motion for summary judgment will be denied.

To the extent that Mr. McNeal seeks relief that is appropriate only under 28 U.S.C. § 2255, his motion would be construed as a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. This would then be the third § 2255 motion filed by Mr. McNeal[1], and as is apparent from the record, the petitioner has not obtained an order from the Fourth Circuit authorizing this court to consider a successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A). Accordingly, if it were construed as a § 2255 motion challenging aspects of the trial and conviction, this court would lack the requisite jurisdiction to consider its merits.

A separate Order follows.

__9/11/2023__
Date

__/s/__
Catherine C. Blake
United States District Judge

---

[1] Mr. McNeal's first § 2255 motion was filed on June 24, 2019. (ECF 167, First Mot. to Vacate). This motion was denied and dismissed without an evidentiary hearing on September 20, 2019. (ECF 174, Order denying First Mot. to Vacate). Mr. McNeal filed a second § 2255 motion in light of *Rehaif v. United States* on April 6, 2021, (ECF 189, Second Mot. to Vacate), which was denied as second or successive.